ELLIS; Judge:
This is a juvenile proceeding, in which three juveniles are charged by petition with forcible rape. Prior to the hearing, counsel for the juveniles wished to take certain depositions, and to have physical examinations made of the alleged victims. After a hearing, the trial court denied the use of discovery on the part of the juveniles. We issued an alternative writ, directing the trial judge to permit the taking of the depositions and to grant the motion for the physical examinations. The trial judge elected the alternative, and the matter is now before us for decision.
In his return to the Court herein, the trial judge said:
“The central issue presented herein is whether discovery procedures in juvenile cases are to be governed by the Code of Civil Procedure or the Code of Criminal Procedure. If the answer is the latter, then clearly the writ issued herein should be denied.
“Because of the absence of jurisprudence and uncertainty of existing laws, the ‘intent of the legislature’ must be examined. “LSA-R.S. 13:1579 under the subheading ‘hearing’ provides that,
‘. . The hearing shall be conducted in accordance with the general rules of procedure used in civil proceedings, . . . ’ (emphasis added)
“LSA-R.S. 13:1579.1 under the subheading ‘evidence ’ provides that,
‘The rules of evidence governed by the Code of Civil Procedure shall be applicable to a proceeding to declare a child delinquent, et seq. . . . ’
“It is submitted that because both these provisions are found under Chapter Six (6) Part III Sub-Part D, entitled hearing, (sic) the reference to the applicability of the Code of Civil Procedure is limited to the hearing phase of the proceeding and does not apply to the pre-hearing phase of discovery. This argument assumes greater force with the recent events which have occurred in the area of juvenile law, namely, the handing down of the recent Supreme Court decision Number 61, 282, State of Louisiana, In the Interest of Andrew Leonard Dino [359 So.2d 586] and the introduction of House Bill number 288 in the regular 1978 legislative session.
“In throwing out the confession of a thirteen year old and in declaring that juve *261 niles are entitled to public trials in the Bino case, the Supreme Court left no doubt that a juvenile proceeding is essentially criminal in nature and must be equipped with all the constitutional and due process safeguards afforded adults. In discussing the public trial aspects of the case, the court stated,
‘A judicial proceeding which may result in the removal of a child from the custody of his parents and in his confinement until the age of twenty-one years is not essentially different from a criminal trial.’ ”
As originally enacted, R.S. 13:1579.1 read: “In the hearing of all cases under this Part, involving petitions of juvenile delinquency or neglect, all facts connected therewith and all surrounding circumstances, including the environment and history of the child, together with any character of evidence, including hearsay evidence and opinion evidence which the court, in its discretion, may deem proper, may be admissible, and the testimony of the probation officer assigned to the case shall be admissible.”
As amended by Act of 1972, it now reads as follows:
“The rules of evidence prevailing in proceedings governed by the Code of Civil Procedure shall be applicable to a proceeding to declare a child delinquent, neglected or dependent, in need of supervision, in need of the protection of the state or abandoned; provided, however, no child shall be adjudged to be delinquent in the absence of proof beyond a reasonable doubt that such condition exists.”
We think that, despite its proximity to R.S. 13:1579, which deals with hearings, the legislature, by using the word “proceeding” instead of “hearing” when amending the law evidenced its intent to have all of the provisions of the Code of Civil Procedure relating to evidence, including the discovery articles, applicable to juvenile delinquency proceedings. We recognize the force of the argument advanced by the trial judge, as well as the administrative difficulties created by the evident inconsistencies between statutory provisions applicable to juvenile proceedings, and constitutional requirements imposed by the jurisprudence. However, we believe that the legislature' intended, in such a case as this, that there be available to juveniles all discovery devices permitted by the Code of Civil Procedure.
The writ issued herein is therefore made peremptory, and it is ordered that the taking of the depositions of the alleged victims and other witnesses be permitted; it is further ordered that the motion to have the alleged victims examined by a physician be granted; and that this case be remanded to the trial court for further proceedings in accordance with law.
Writ made peremptory and case remanded.