SUMMERS, Chief Justice.
Three petitions to declare these juvenile defendants delinquent were filed on October 12, 1977 in the Ascension Parish Court, alleging that on October 8, 1977 the juveniles Russell Giangrosso, Lonnie Gros, and Scott Hood committed forcible rape. The petitions allege that each had sexual intercourse with a different female under the age of seventeen, without their lawful consent. La.Rev.Stat. 14:43.1.
In addition to other preliminary motions, the juvenile defendants served notice on the prosecutor on December 7, 1977 that they would take the depositions of the female victims. They also filed a motion alleging that the medical examination by the Coroner left certain physical conditions of the victims unanswered. An order was sought to compel the victims to submit to a physical examination by a physician to be named by the accused with the approval of the court. The prosecutor opposed these motions, contending such discovery was not authorized in juvenile proceedings.
After a hearing the trial judge found the central issue to be whether discovery in juvenile cases is governed by the provisions of the Code of Civil Procedure or by the rules and statutory enactments prescribed for criminal proceedings. Finding that juvenile proceedings involving serious crimes were essentially criminal in nature, the trial judge denied the application of the rules of civil procedure mandated by Sections 1579 and 1579.1 of Title 13 of the Revised Statutes [1] to this case.
*377 Certiorari was granted by the First Circuit, and the ruling of the trial judge was reversed. The Court of Appeal ordered the taking of the depositions and the examination of the victims by a physician. 361 So.2d 259. On the State’s application, cer-tiorari was granted to review the decision of the Court of Appeal. 362 So.2d 574.
In establishing the procedure for juvenile cases, in 1972 the legislature prescribed that “[t]he hearing shall be conducted in accordance with the general rules of procedure used in civil proceedings; . . ..” La. Rev.Stat. 13:1579. In a contemporaneous enactment, it was also provided that “[t]he rules of evidence prevailing in proceedings governed by the Code of Civil Procedure shall be applicable to a proceeding to declare a child delinquent . . ..” La. Rev.Stat. 13:1579.1. See Act 714 of 1972.
During the pendency of these proceedings a comprehensive “Code of Juvenile Procedure” was enacted by the Legislature by Act 172 of 1978, effective January 1, 1979. By this enactment the provisions of the Code were declared to “govern and regulate the procedure in all juvenile proceedings” . “[pjending on the effective date of this Code,” including those on appeal. Code of Juv.Pro. art. 121 and Sec. 4. Article 59 of that Code provided that “In delinquency proceedings, discovery shall be as provided in the Louisiana Code of Criminal Procedure.”
In its brief the defense argues that when the State filed its original application it prayed for an extension of time solely for purposes of delaying the decision date past the effective date of the Code of Juvenile Procedure. The argument tacitly concedes that the new Code, if applicable, would render the defense contentions on the deposition and discovery issues moot.
We do not agree that this record indicates that the State’s pleadings were designed to create delay. On the contrary, it is more reasonable to infer that the State’s actions were designed to obtain a judicial determination of the right of the defendants to physically examine the victims. It was obviously an effort on the State’s part to obtain an order to protect the victims from a request it perceived as an attempt to harass, intimidate or humiliate these young girls. A medical examination of the victims had been performed by the coroner soon after the alleged offense and his written report was available to the defense. The defense motion, coming as it did two months after the offense, could hardly be expected to discover material evidence by such a belated examination.
*378 We are of the opinion that the Code of Juvenile Procedure is applicable to the instant case. By the provisions of Article 59 of the Code, defendants are limited in their right to discovery to the provisions of Title XXIV, Chapter 5, Part A, Articles 716-729.-1, of the Code of Criminal Procedure. It is necessary, therefore, that the defense notice to take depositions and motion for discovery be reconsidered by the trial court in the light of Article 59 of the Code of Juvenile Procedure.
For the reasons assigned, the case is remanded to the trial court to be proceeded with in a manner not inconsistent with the views expressed in this opinion.
BLANCHE, J., not participating.

. As set forth in Act 714 of 1972 these sections provide:
“§ 1579. Hearing
“A. All cases of children shall be heard separately from the trial of cases against adults and shall be tried without a jury. Whenever the parents of the juvenile in whose interest the petition has been filed are financially unable to procure or employ counsel and make such fact known to the court before the hearing, the court before whom the hearing shall be con *377 ducted may assign counsel consisting of one or more members of the Louisiana bar. Where the parents of the juvenile are able financially to employ counsel and fail or refuse to do so the court may assign counsel to represent the interest of the juvenile at the expense of the parents. The hearing shall be conducted in accordance with the general rules of procedure used in civil proceedings; provided, however, the constitutional privilege against selfincrimi-nation shall be applicable in the case of children as it is with respect to adults within the jurisdiction of the juvenile court. The hearings shall be reported or recorded by stenographic notes or a mechanical or electronic recording device. If a party desires a transcript for appeal purposes he shall pay the cost of the same unless the court determines he is financially unable to bear the burden of such cost. The cost of the transcript in such cases shall be paid for out of the general fund of the parish, Orleans Parish not excepted, or other funds available to the court.
“B. The general public shall be excluded from hearings under this Act. Only the child, his counsel, witnesses, the child’s parents, tutor or other custodian, the officers of the court, and any other persons as the court finds have a legitimate or proper interest in the proceedings or in the work of the court may be admitted by the court. The court may exclude any person from the hearing if such person’s conduct is disruptive of orderly proceedings and the court’s admonition to conduct himself properly is not heeded promptly.
“§ 1579.1 Evidence
“The rules of evidence prevailing in proceedings governed by the Code of Civil Procedure shall be applicable to a proceeding to declare a child delinquent, neglected or dependent, in need of supervision, in need of the protection of the state or abandoned; provided, however, no child shall be adjudged to be delinquent in the absence of proof beyond a reasonable doubt that such condition exists.”